**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000611
29-MAY-2019
08:16 AM**

NO. CAAP-16-0000611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF KAI MAKANI,
through its Board of Directors, Plaintiff-Appellee,
v.
MICHAEL J. OLEKSA and ERICA L. OLEKSA,
Defendants-Appellants,
and
OPTION ONE MORTGAGE CORPORATION NKA SAND CANYON
CORPORATION, a California Corporation,
Defendant-Appellee,
and
DOES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0249)

SUMMARY DISPOSTION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendants-Appellants Michael J. Oleksa and Erica L.
Oleksa (collectively, the Oleksas) appeal from: (1) the "Judgment
on Findings of Fact, Conclusions of Law and Order Granting
Plaintiff Association of Apartment Owners of Kai Makani's Motion
for Summary Judgment and for Decree of Foreclosure Filed
March 31, 2016," filed on June 29, 2016 (Judgment); and (2) the
"Order Denying Defendants Michael Oleksa and Erica Oleka's [sic]
Motion for Reconsideration of the Court's Order Granting Summary
Judgment, Filed June 17, 2016" filed on August 30, 2016 (Order)
in the Circuit Court of the Second Circuit (circuit court).[1]

---

[1] The Honorable Rhonda I.L. Loo presided.

This appeal arises out of a judicial foreclosure action for nonpayment of assessments filed on May 13, 2015, by Plaintiff-Appellee Association of Apartment Owners of Kai Makani (AOAO Kai Makani) against the Oleksas. On June 29, 2016, the circuit court entered an order granting summary judgment against the Oleksas, who had failed to oppose "[AOAO] Kai Makani's Motion for Summary Judgment and Decree of Foreclosure," filed March 31, 2016, (motion for summary judgment) and did not appear at the hearing which was held on May 12, 2016. On August 30, 2016, the circuit court denied the Oleksas' "Motion for Reconsideration of the Court's Order Granting Summary Judgment," filed June 17, 2016,[2] (motion for reconsideration) brought under Hawai'i Rules of Civil Procedure (HRCP) Rule 59(e) (2000)[3] and Rule 60 (2006)[4]. The Oleksas timely appealed.

On appeal, the Oleksas contend that the circuit court erred in: (1) denying the Oleksas' motion for reconsideration on the basis that the Oleksas did not present any new evidence or arguments, instead of granting the motion for reconsideration under HRCP Rule 60(b)(1) because of mistake, inadvertence, surprise, or excusable neglect on the part of the Oleksas; and (2) granting AOAO Kai Makani's motion for summary judgment, even though there existed genuine issues of material fact concerning the debt on which the foreclosure was based.

Upon careful review of the record and the briefs

---

[2] When the Oleksas filed their motion for reconsideration, they relied on court minutes from the May 12, 2016 hearing, which indicated the circuit court had orally granted summary judgment.

[3] HRCP Rule 59(e) states:

> **(e) Motion to alter or amend judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

[4] HRCP Rule 60 states in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]

2

submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve the Oleksas' appeal as follows.

(1) The Oleksas' first point of error on appeal contends that the circuit court erred when it denied the Oleksas' motion for reconsideration on the basis that the Oleksas did not present any new evidence or arguments. The Oleksas contend that the circuit court should have granted the motion for reconsideration under HRCP Rule 60(b)(1) because of mistake, inadvertence, surprise, or excusable neglect on the part of the Oleksas.

We review both an HRCP Rule 59(e) and an HRCP Rule 60(b)(1) motion for reconsideration under the abuse of discretion standard. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted) (HRCP Rule 59(e)); Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002) (HRCP Rule 60(b)(1)).

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Beneficial Hawai'i, 98 Hawai'i at 164, 45 P.3d at 364 (quoting Molinar v. Schweizer, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001)).

On July 26, 2016, at the hearing on the motion for reconsideration, the circuit court orally denied the Oleksas' motion for reconsideration, stating:

> Defendants have failed to bring forth to the Court any new evidence or arguments in opposition to the motion for summary judgment; and, therefore, do not satisfied [sic] the requirements under HRCP 60(b).
> . . . .
> Defendant failed to oppose plaintiff's motion for summary judgment; did not appear at the hearing on plaintiff's motion; and did not assert any new evidence or arguments in their motion for reconsideration that could [not] have been presented or made in earlier proceedings.

On August 30, 2016, the circuit court, in its Order denying the Oleksas' motion for reconsideration, similarly stated:

> Even taking into account [the Oleksas'] medical emergency,

3

> [the Oleksas] have failed to present new evidence or
> arguments refuting the court's determination that [AOAO Kai
> Makani] established that [the Oleksas] have not paid their
> proportionate share of common expenses and that the
> resulting liens [AOAO Kai Makani] obtained on the property
> which is the subject of this action could be foreclosed.

In its Order, the circuit court combined the HRCP Rule 59(e) requirements for a motion for reconsideration with the HRCP Rule 60(b)(1) requirements for a motion for relief, requiring that the Oleksas prove both excusable neglect <u>and</u> the existence of new evidence or arguments in order to prevail. While the Oleksas did bring their motion for reconsideration under both HRCP Rule 59(e) and Rule 60(b), these are each independent grounds for reconsideration. Each rule is governed by its own standards, requirements, and relevant case law (as detailed *infra*) and must be addressed separately. See, e.g., <u>Omerod v. Heirs of Kaheananui</u>, 116 Hawai'i 239, 273-77, 172 P.3d 983, 1017-21 (2007) (reviewing a Rule 59(e) motion for reconsideration separately from a Rule 60(b) motion for relief); <u>Sousaris v. Miller</u>, 92 Hawai'i 505, 514 n.10, 993 P.2d 539, 548 n.10 (2000) (stating that HRCP Rule 60(b)(2) "provides another mechanism for claimants to interpose new evidence in their endeavor to alter a final judgment" in addition to the mechanism in HRCP Rule 59(e)); <u>Rigsby v. Rigsby</u>, No. 30359, 2013 WL 764879, at *2 (Haw. App. Feb. 28, 2013) (SDO) (noting that "the standard for granting relief under Rule 59(e) and Rule 60(b) differs only slightly; Rule 59(e) motions are subject to a somewhat 'lower threshold of proof' than Rule 60(b) motions" (citing James WM. Moore, <u>Moore's Federal Practice</u> ¶ 60.03[4] (3d ed. 2009))). Thus, the circuit court abused its discretion when it erroneously combined the requirements of HRCP Rule 59(e) and HRCP Rule 60(b) to deny the Oleksas' motion for reconsideration.

While combining HRCP Rule 59(e) and Rule 60(b) in its decision constituted an abuse of discretion, the circuit court did state findings that relate to each rule which we now review.

(A) HRCP Rule 59(e) Analysis

Generally, under HRCP Rule 59(e),

> [t]he purpose of a motion for reconsideration is to allow
> the parties to present new evidence and/or arguments that
> could not have been presented during the earlier adjudicated
> motion. See, e.g., Gossinger [v. Ass'n of Apartment Owners

4

of Regency of Ala Wai], [73 Haw. 412, 425-27,] 835 P.2d
[627,] 634-35 [(1992)]; <u>Briggs v. Hotel Corp. of the
Pacific, Inc.</u>, [73 Haw. 276, 286-87,] 831 P.2d 1335, 1342
([]1992) ("[A] motion for reconsideration is not time to
relitigate old matters.").

<u>Amfac</u>, 74 Haw. at 114, 839 P.2d at 27. Thus, the issue is
whether the evidence and/or arguments themselves were known to
exist and available to be made at the time of the hearing.

In this case, all of the evidence and/or arguments
presented in the motion for reconsideration could and should have
been raised in opposition to the motion for summary judgment.
The Oleksas make no argument to the contrary in their briefs on
appeal, except to say that all of the evidence and/or arguments
they raise were "new" because the Oleksas were unable to oppose
the motion for summary judgment. This argument is not
dispositive; the Oleksas "failed to oppose [the motion for
summary judgment] and, therefore, cannot now utilize HRCP Rule
59(e) to raise legal arguments that should have been raised
before the circuit court granted [the motion for summary
judgment]." <u>U.S. Bank Nat. Ass'n. v. Bernardino</u>, No. CAAP-15-
0000102, 2016 WL 2984868, at *6 (Haw. App. May 20, 2016) (Mem.
Op.). Accordingly, the circuit court did not abuse its
discretion in denying the motion for reconsideration on the
grounds that it did not present new evidence and/or arguments
under HRCP Rule 59(e).

(B) HRCP Rule 60(b)(1) Analysis

"Under HRCP Rule 60(b)(1), a party can be granted
relief from judgment where there is a showing of, inter alia,
'excusable neglect' that interferes with the fair dispensation of
justice." <u>Isemoto Contracting Co., Ltd. v. Andrade</u>, 1 Haw. App.
202, 204, 616 P.2d 1022, 1025 (1980). "HRCP Rule 60(b)(1), . . .
exists to remedy some dereliction of the movant in the litigation
itself; for example, failure to answer the complaint, failure to
answer interrogatories, ineffective assistance of counsel, or
unauthorized settlement by counsel." <u>Citicorp Mortg., Inc. v.
Bartolome</u>, 94 Hawai'i 422, 437, 16 P.3d 827, 842 (App. 2000)
(citations omitted).

A party seeking relief under HRCP Rule 60(b)(1) "must
make a showing of why the party was justified in failing to

respond. . . ." Pogia v. Ramos, 10 Haw. App. 411, 416, 876 P.2d 1342, 1345 (1994). However, "[t]he weight of authority has not recognized ignorance of the law or carelessness of counsel to be excusable neglect justifying the invocation of relief under HRCP Rule 60(b)(1)." Isemoto, 1 Haw. App. at 205, 616 P.2d at 1025 (citations omitted).

In this case, on March 23, 2016, the circuit court entered an "Order of Dismissal (Rule 12(q))" (order of dismissal) for want of prosecution under Rule 12(q) (2007) of the Rules of the Circuit Courts of the State of Hawaiʻi. On March 31, 2016, AOAO Kai Makani simultaneously filed its "[] Motion to Set Aside Order of Dismissal (Rule 12(q)) Filed March 23, 2016," (motion to set aside dismissal) and its motion for summary judgment. The hearing on the motion for summary judgment was set for the morning of May 12, 2016. On May 5, 2016, the circuit court filed its "Order Granting [AOAO] Kai Makani's Motion to Set Aside Order of Dismissal (Rule 12(q))" (order setting aside dismissal).

The Oleksas were representing themselves *pro se* when the case was dismissed and when AOAO Kai Makani filed its motion for summary judgment. AOAO Kai Makani sent a copy of the motion for summary judgment to the Oleksas, postmarked in Honolulu on Friday, April 1, 2016. On Monday, April 4, 2016, the Oleksas left their home on Maui for an extended trip, planning to return on April 26, 2016. Prior to leaving for the trip, the Oleksas had not received a copy of the motion to set aside the order of dismissal or the motion for summary judgment. While on the trip, Michael Oleksa suffered a ruptured artery and was hospitalized on the mainland from April 23 until May 8. The Oleksas were not aware of the order setting aside dismissal, which was filed on May 5, 2016, while they were still on their trip. Michael received medical clearance to fly on May 10 and returned to Maui in the afternoon on May 11. The Oleksas reviewed their mail on the afternoon of May 12, 2016, after the hearing on the motion for summary judgment had already occurred, and learned of both the reinstatement of the case after its dismissal and the hearing on the motion for summary judgment.

On May 25, 2016, the Oleksas' new counsel entered an

appearance in the case. On June 17, 2016, the Oleksas filed their motion for reconsideration. On June 29, 2016, the circuit court filed its "Findings of Fact; Conclusions of Law; Order Granting [AOAO] Kai Makani's Motion for Summary Judgment and for Decree of Foreclosure Filed March 31, 2016" (FOF/COL) and entered judgment thereupon. On July 6, 2016, the Oleksas timely filed a reassertion of their motion for reconsideration.

Under these facts, the Oleksas clearly made a showing that the timing of the filings, the service of the pleadings, their trip, and Michael Oleksa's medical emergency provided a justification for their failure to oppose the summary judgment motion. The Oleksas' dereliction was due to surprise that the case had been reinstated and some combination of inadvertence and excusable neglect in not returning in time to review their mail after their extended absence was compounded by a medical emergency. This clearly interfered with the fair dispensation of justice, as the Oleksas, without notice of the hearing on the motion for summary judgment, were unable to present any opposition either before or at the hearing. Querubin v. Thronas, 107 Hawai'i 48, 59-60, 109 P.3d 689, 700-01 (2005) (holding that lack of notice and failure to afford an oral hearing to a party against whom a motion for summary judgment was directed constitute "actual[] prejudice[]" and "harmful error *per se*," respectively). Further, the Oleksas represented themselves *pro se* at the time in question, and their reasons for failing to respond to the motion for summary judgment do not rely on either their own ignorance of the law nor on the carelessness of counsel to constitute excusable neglect. See Isemoto, 1 Haw. App. at 205, 616 P.d at 1025. Accordingly, the Oleksas were entitled to relief under HRCP Rule 60(b)(1).

Thus, the circuit court abused its discretion in denying the Oleksas' motion for reconsideration and refusing to allow the Oleksas to file an opposition to the motion for summary judgment. On remand, the circuit court should permit the Oleksas' to file an opposition to the motion for summary judgment and appear at a new hearing on the motion for summary judgment.

(2) The Oleksas' second point of error on appeal

contends that the circuit court erred when it granted AOAO Kai Makani's motion for summary judgment even though there existed genuine issues of material fact that dispute the assessments on which the foreclosure is based. As we have ruled that the circuit court erred in denying the Oleksas' motion for reconsideration, we need not address this point on appeal.

Based on the foregoing, the: (1) "Findings of Fact; Conclusions of Law; Order Granting Plaintiff Association of Apartment Owners of Kai Makani's Motion for Summary Judgment and for Decree of Foreclosure Filed March 31, 2016," filed on June 29, 2016; (2) the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff Association of Apartment Owners of Kai Makani's Motion for Summary Judgment and for Decree of Foreclosure Filed March 31, 2016," filed on June 29, 2016; and (3) the "Order Denying Defendants Michael Oleksa and Erica Oleka's [sic] Motion for Reconsideration of the Court's Order Granting Summary Judgment, Filed June 17, 2016" filed on August 30, 2016 in the Circuit Court of the Second Circuit are vacated. This case is remanded for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, May 29, 2019.

On the briefs:

Richard B. Rost,
for Defendants-Appellants.

Arlette S. Harada,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge